83.619-02

August 20, 2015

ABEL ACOSTA, CLERK
TEXAS COURT OF CRIMINAL APPEALS
P.O. BOX 12308 Capitol Station
Austin, Texas 78711

IN re: Ex parte Johansson, Writ No. WR-83,619-0?

To Abel Acosta, Clerk:

Enclosed for filing with my Art. 11.07 Writ of Habeas Corpus recently received by the Court from Tyler County, Texas, their Reference No. 23,645 (why I do not know as your office sets the Writ number and my Cause Number at Court was 10,205) you will find my "Applicant's Notice to the Court and Objection to Denial of Default Judgment" for review by the Court in this matter. I thank you for notifying Tyler County of their deficiency in holding my Writ illegally.

I would request Notice that this document has been received and filed. Thank youo.

Respectfully submitted,

/s/ Sven Erik Johansson

Sven Erik Johansson  1465256
C.T. Terrell Unit
1300 FM 655
Rosharon, Texas  77583

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 02 2015

Abel Acosta, Cler

Dated & documented .

# IN THE COURT OF CRIMINAL APPEALS
## FOR THE STATE OF TEXAS

EX PARTE       §
      §
SVEN ERIK JOHANSSON,       §      WRIT NO. WR-83,619-01
          Applicant       §

## APPLICANT'S NOTICE TO THE COURT AND
## OBJECTION TO DENIAL OF DEFAULT JUDGMENT

TO THE HONORABLE COURT:

COMES NOW SVEN ERIK JOHANSSON, Applicant pro se, and files this his "Applicant's Notice to the Court and Objection to Denial of Default Judgment" in the above numbered Writ. Applicant holds that he cannot file his rebuttal to the "State's Answer" as he was never served a copy of same. As it has been now over the 35 day time limit for filing set[BY STATUTE] of 35 days then the Writ sould be reviewed unchallenged, although Applicant is well aware that the grounds cannot be defeated.

Applicant further serves Notice to the Court that the trial court has "intentionally and willfully", with malicous intent, attempt to mislead and inflame the mind of the Court by stipulating issues on Applicant's "1st Motion to Revoke" that Applicant took to jury trials and won. U.S. v. Cartwright, 6 F.3d 296, 302 (5th Cir. 1993). Such outragious conduct violates due process of law. U.S. v. Arditti, 955 F.2d 331 (5th Cir. (Tex.) 1992).

Applicant is sure that the Court will side with the State and attempt to argue that the Rules of Appellate Procedure allows for 180 days to forward the Writ, a RULE that runs afoul of the LAW and STATUTE of V.A.C.C.P. Art. 11.07. Said action also runs counter to Texas Const. Art. 1 §12 as to the Writ being "speedy".

1

By DENYING Applicant's Motion for Default Judgment in this instance is denying him justice. JUSTICE DELAYED IS JUSTICE DENIED. (MLK). As Applicant has a Right under Common Law and the 9th Amendment to enter Default Judgment where the State has intentionally delayed his Writ knowing full well they have broken the Law and that suit is imminent. Applicant serves Notice that he is entitled to restitution under Tx. Govt. Code §§ 501.101 <.102, and, Tx.Cv.Prac. < Rem. Code §103.052 for ALL time wrongfully imprisoned.

Last, Applicant points out that, although the State, e.g., Clerk of his trial court, served him with a copy of Motion To Revoke, and, the Capias Warrant for his arrest, NO certified copy was stipulated in the documents sent to the Court. These 2 documents are the **only** documents sent to Applicant.

Applicant's Writ of Habeas Corpus has only been sent to the Court of Criminal Appeals AFTER Applicant's filing of Writ of Mandamus, yet Applicant avers he requires a copy of the "State's Answer and Order" in order to file proper rebuttal if requried. Denial of a copy of the State's Answer is a denial of Due Process of Law.

Applicant hereby serves NOTICE of all issues herein set out.

Respectfully submitted,

/s/ Sven Erik Johansson

Sven Erick Johansson 1465256
C.T. Terrell Unit
1300 FM 655
Rosharon, Texas   77583

2